HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH JONES,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, N.A.,<br><br>　　　　　　　Defendant. | CASE NO. C14-836 RAJ<br><br>ORDER |

This matter comes before the court on plaintiff's third motion to appoint counsel (Dkt. # 29), plaintiff's motion for extension of time to file amended complaint and to complete discovery (Dkt. # 30), and defendant's motion to compel mediation (Dkt. # 33). For the reasons stated below, the court DENIES plaintiff's motions and GRANTS defendant's motion to compel mediation.

**I.　　Plaintiff's Motion to Appoint Counsel (Dkt. # 29)**

This is plaintiff's third motion to appoint counsel. The court denied plaintiff's first motion because he failed to demonstrate indigence and failed to show the existence of exceptional circumstances warranting the appointment of counsel. Dkt. # 24. The

court denied plaintiff's second motion because he failed to sign his financial affidavit under penalty of perjury and again failed to show exceptional circumstances. Dkt. # 27.

In his third motion, plaintiff has corrected the mistakes related to his financial affidavit, but still fails to show that exceptional circumstances warrant the appointment of counsel. This is a civil action and, as a general matter, plaintiff has no right to counsel. *See Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981). The court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman,* 390 F.3d at 1103.

The court has reviewed the complaint and attached exhibits and finds that the legal issues raised by plaintiff are not sufficiently complex to warrant the appointment of counsel. This case arises from defendant's alleged failure to mediate a loan modification in good faith. Plaintiff's third motion includes additional facts regarding alleged collusion between defendant and plaintiff's homeowner's association, but the motion itself shows that plaintiff is able to articulate his claims and otherwise represent himself *pro se*. Although most parties would benefit from representation by an attorney, that is not the standard for appointment of counsel in a civil case. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (finding that a pro se litigant may be better served with the assistance of counsel is not the test). Plaintiff must show *exceptional* circumstances and those circumstances simply do not exist here.

Accordingly, plaintiff's third motion to appoint counsel is DENIED.

## II. Plaintiff's Motion for Extension of Time (Dkt. # 30)

Plaintiff also seeks an extension of time to complete discovery and to amend the complaint. Although the court may afford some leeway to a pro se litigant, Mr. Jones is still responsible for complying with the Federal Rules of Civil Procedure, the local rules and this court's case schedule. *See Jacobsen v. Filler,* 790 F.2d 1362, 1364-65 (9th Cir. 1986) (holding that pro se parties are not excused from following the rules and orders of the court).

Under Federal Rule of Civil Procedure 16(b), a scheduling order may be modified only upon a showing of good cause and by leave of Court. *See* Fed. R. Civ. P. 16(b). Here, the deadline to complete discovery was February 13, 2015. Plaintiff filed his motion for extension of time just a few days before the deadline, on February 9, 2015, and failed to show good cause for the extension.

Additionally, at this stage in the litigation, leave of court is required to amend the complaint. Federal Rule of Civil Procedure 15(a) deals with amendments to pleadings. Once a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). That is not to say, however, that it should be given automatically. *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1837 (9th Cir. 1990). Whether justice requires granting a party leave to amend is generally determined by reference to four factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *United States v. Pend Oreille Public Utility Dist. No. 1,* 926 F.2d 1502, 1511 (9th Cir. 1991). Plaintiff has not addressed any of these factors in his motion.

Because plaintiff is proceeding *pro se*, however, the court DENIES this motion without prejudice. If the parties fail to reach a settlement in this matter, plaintiff may re-file a similar motion that addresses the deficiencies noted above.

### III.   Defendant's Motion to Compel Mediation (Dkt. # 33)

The court has the authority to require mediation, even over a party's objection, where doing so would yield significant benefits. *See, e.g.*, LCR 39.1(a)(4); *Darrington v. Assessment Recovery of Washington, LLC*, 2014 WL 3858363, at * 5 (W.D. Wash. Aug. 5, 2014); *EEOC v. Evans Fruit Co.*, 872 F. Supp. 2d 1107, 1116 (E.D. Wash. 2012).

Here, the parties have agreed that the Honorable Steve Scott should serve as the mediator and defendant has offered to pay all fees and expenses associated with a one-day mediation, including Judge Scott's preparation time and hearing fees.  Although plaintiff is amenable to mediation, he believes that settlement negotiations should be delayed until he has an opportunity to amend the complaint.  The court disagrees.  As explained above, amendment of the complaint requires leave of court and plaintiff has not convinced the court that justice requires amendment at this late stage in the litigation. Although the court denied plaintiff's motion without prejudice to the re-filing of a similar motion in the future, the court believes that the parties would greatly benefit from mediation without further delay.  It appears that the parties have already engaged in settlement negotiations and reached an impasse. Dkt. # 33, pp. 4-5.  The court believes that a neutral mediator may help the parties bridge the gap in their settlement positions and reach a mutually agreeable resolution of this dispute.  Further litigation is time-consuming and expensive and mediation will conserve the parties' and court's resources.

Accordingly, the court GRANTS defendant's motion to compel mediation.  Both parties shall participate in mediation, which should take place promptly before Judge Steve Scott.  All mediation fees and expenses shall be paid by defendant.

Dated this 2nd day of April, 2015.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER- 4